Hongchang Deng  (Cal. Bar No. 354529)
*Deng.hongchang@shm.law*
SHM LAW FIRM
25F, China Resources Tower
2666 Keyuan South Road, Nanshan
Shenzhen, 518052, China
Telephone: +86 18681567690

Hua Chen (SBN 241831)
*huachen@scienbizippc.com*
ScienBiziP, P.C.
550 S. Hope Street, Suite 2825
Los Angeles, California 90071
Telephone:   (213) 426-1771
Facsimile:    (213) 426-1788

*Attorneys for Counsel for Defendant*
*FlumgioTechnology Inc*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VPR BRANDS, LP, | **CASE NO. 2:24-cv-07009-CBM-MAA** |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| FLUMGIO TECHNOLOGY INC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

# ANSWER

Defendant FLUMGIO TECHNOLOGY INC, ("Defendant") asserts as follows for Defendant's answer to the Complaint brought by Plaintiff:

## GENERAL DENIAL

Defendant denies all allegations in the Complaint except for those specifically admitted below. With respect to the allegations made in the Complaint, upon knowledge with respect to Defendant's own acts, and on information and belief as to other matters, Defendant responds and allege as follows:

## NATURE OF THE LAWSUIT

1.      This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Number 8,205,622 entitled "Electronic Cigarette." Plaintiff seeks injunctive relief to prevent defendant from continuing to infringe plaintiff's patent and recovery of monetary damages resulting from defendant's past infringement of the patent.

**ANSWER:** Defendant admits that Plaintiff purports to bring an action for patent infringement under the federal laws of the United States. Defendant denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.      This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**ANSWER:** To the extent Paragraph 2 implicates legal conclusions, no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring an action for patent infringement. Except as specifically admitted, Defendant denies the remaining allegations and characterizations in Paragraph 2.

3.     This Court has personal jurisdiction over Defendant.

**ANSWER:** Defendant denies all allegations in paragraph 3 as they pertain to Defendant, and particularly denies that it has committed any acts of infringement in the Central District of California or elsewhere. For the purposes of this action, however, Defendant will not dispute this Court's personal jurisdiction over Defendant. Defendant denies any allegation or suggestion that personal jurisdiction is proper in this District for all actions.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

**ANSWER:** Defendant denies any allegation or suggestion that venue is proper or convenient in this District for all actions, however, Defendant will agree to venue in this District for the purpose of this action only.

## THE PARTIES

5.     Plaintiff, VPR Brands, LP ("VPR"), is a Delaware limited partnership authorized to do business in Florida with a principal place of business at 3001 Griffin Road, Fort Lauderdale, FL 33312.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**ANSWER:** In answer to Paragraph 5, Defendant lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis deny the allegations in their entirety.

6.      Defendant, Flumgio Technology Inc ("Flumgio") is a California corporation with its principal place of business at 18351 Colima Road, Unit 481, Rowland Heights, California, 91748, and can be served by serving its agent for service of process, Yufan Li, at the same address.

**ANSWER:** Defendant admits that it has a place of business at 18351 Colima Road, Unit 481, Rowland Heights, California, 91748.  Defendant admits that Yunan Li is a registered agent for service of process.

## FACTS

7.      VPR is a technology company whose assets include issued U.S. and Chinese patents for atomization-related products, including technology for medical marijuana oil vaporizers, dab pen and flower vaporizer products and components.

**ANSWER:** In answer to Paragraph 7, Defendant lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis deny the allegations in their entirety.

8.      VPR is engaged in product development for the vapor or vaping market, including e-liquids, vaporizers and electronic cigarettes (also known as e-cigarettes) which are devices which deliver nicotine and or cannabis and cannabidiol (CBD) through atomization or vaping, and without smoke and other chemical constituents typically found in traditional products.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**ANSWER:** In answer to Paragraph 8, Defendant lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis deny the allegations in their entirety.

> 9. VPR is a vaping market leader specializing in vaporizers and accessories for essential oils, cannabis concentrates and extracts (CBD), as well as electronic cigarettes containing nicotine.

**ANSWER:** In answer to Paragraph 9, Defendant lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis deny the allegations in their entirety.

> 10. VPR owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 8,205,622 (the '622 Patent) entitled "Electronic Cigarette." A copy of the '622 Patent is attached hereto as Exhibit 1.

**ANSWER:** Defendant admits that, on its face, United States Patent No. 8,205,622 (the '622 Patent) is titled "Electronic Cigarette." Defendant lacks knowledge or information sufficient to form a belief as to whether VPR owns all right, title and interests in, and/or has standing to sue for infringement of the '622 Patent.

> 11. The '622 Patent discloses an electronic cigarette consisting of an electronic inhaler and an electronic atomizer.

**ANSWER:** In answer to Paragraph 11, Defendant lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis deny the allegations in their entirety.

5

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

12.     The electronic inhaler contains a rechargeable or non-rechargeable power source such as a battery, which supplies electric power to the electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act. The sensor's role is to collect an airflow signal that triggers the electronic cigarette to supply electric power to the inhaler and atomizer connected through an electric connector.

**ANSWER:** In answer to Paragraph 12, Defendant lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis deny the allegations in their entirety.

13.     Inside the electronic atomizer are an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole. The user inhales through the air puffing hole at an end of the electronic cigarette to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

**ANSWER:** In answer to Paragraph 13, Defendant lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis deny the allegations in their entirety.

## DEFENDANT'S PRODUCT

14.     Flumgio uses, imports, offers for sale, distributes and sells one or more electronic cigarette products that practice all the steps of at least one claim of the '622 Patent.

**ANSWER:** Denied.

15.     One of Flumgio's electronic cigarette products is known as Flum Pebble 6000 Disposable ("Flum Pebble Vape").

**ANSWER:** Denied.

16.     Defendant's Flum Pebble Vape is an electronic cigarette that contains a rechargeable battery that functions as a power source that supplies electric power to an electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act.

**ANSWER:** Denied.

17.     The Flum Pebble Vape also contains an electronic atomizer with an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole.

**ANSWER:** Denied.

18.     The user inhales through the air puffing hole at an end of the Flum Pebble Vape to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

**ANSWER:** Denied.

19.     The electronic cigarette products that Flumgio uses, imports, offers for sale, distributes and sells, including but not limited to the Flum Pebble Vape products, infringe one or more claims of the '622 Patent.

**ANSWER:** Denied.

20.     Flumgio also uses, imports, offers for sale, distributes and sells electronic cigarette products under other brand names that are substantially similar to the Flum Pebble Vape product, function in the same way as the Flum Pebble Vape product, and infringe one or more claims of the '622 Patent.

**ANSWER:** Denied.

21.     Plaintiff has been irreparably harmed by Flumgio's infringement of VPR's valuable patent rights.

**ANSWER:** Denied.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

22.    Flumgio's unauthorized, infringing use of VPR's patented electronic cigarette has threatened the value of their intellectual property because Flumgio's conduct results in VPR's loss of its lawful patent rights to exclude others from importing, making, using, selling, offering to sell and/or importing the patented inventions.

**ANSWER:** Denied.

23.    Flumgio's disregard for VPR's property rights similarly threatens VPR's relationships with potential licensees of this intellectual property.

**ANSWER:** Denied.

24.    Flumgio will derive a competitive advantage from using VPR's patented technology without paying compensation for such use.

**ANSWER:** Denied.

25.    Unless and until Flumgio's continued acts of infringement are enjoined, VPR will suffer further irreparable harm for which there is no adequate remedy at law.

**ANSWER:** Denied.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

26.    VPR realleges paragraphs 1 through 25 of this Complaint, as fully and completely as if set forth verbatim herein.

**ANSWER:** Defendant incorporates by reference its responses contained in all preceding paragraphs of this Answer as if set forth fully herein.

27.    Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 8,205,622 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1  **ANSWER:** Denied.

2        28.    Without limiting the foregoing, Defendant has
infringed at least claim 13 of the '622 Patent.

3  **ANSWER:** Denied.

4        29.    Defendant's activities alleged in this Count have been
without license, permission, or authorization from VPR.

5

6  **ANSWER:** Defendant denies the allegations of this paragraph and Defendant

7  further denies the false premise of this statement, namely Defendant denies that it

needs license, permission, or authorization from VPR.

8

9        30.    The activities of Defendant as set forth in this Count,
have been to the injury, detriment, and irreparable harm to VPR.

10  **ANSWER:** Denied.

11              **PRAYER FOR RELIEF**

12        WHEREFORE, Plaintiff VPR Brands, LP demands judgment
and relief against Defendant FLUMGIO TECHNOLOGY INC and
respectfully requests that the Court:

13        A. Enter a finding of willful infringement against Defendant
under each of the patents asserted in this Compliant;

14        B. Award in favor of Plaintiff and against Defendant such
damages as Plaintiff may have suffered but in no event less than a
reasonable royalty pursuant to 35 U.S.C. § 284;

15

16        C. Award in favor of Plaintiff and against Defendant an
enhancement of damages;

17        D. Find that this is an exceptional case;

18        E. Enter an injunction preliminarily and permanently
enjoining infringement;

19        F. Award Plaintiff its attorneys' fees against Defendant under
35 U.S.C. § 285;

        G. Award Plaintiff its costs against Defendant, and

20        H. Award in favor of Plaintiff and against Defendant such
other and further relief as to the Court appears just and proper.

9

1

2    **ANSWER:** Defendant denies that Plaintiff is entitled to any of the stated or other

3    relief. Defendant denies any other allegations in this paragraph.

4                                    **AFFIRMATIVE DEFENSES**

5         In response to Plaintiff's Complaint and without waiving any prior responses,

6    Defendant alleges the following affirmative defenses based on information and

7    belief. Defendant also reserves the right to assert additional defenses that may arise

8    during discovery or become known through further investigation.

9                       **FIRST DEFENSE – NO PATENT INFRINGEMENT**

10        1.        Defendant has not infringed and is not infringing any valid and

11   enforceable claim of U.S. Patent No. 8,205,622, either literally or by application of

12   the doctrine of equivalents. Neither the Flum Pebble 6000 Disposable nor electronic

13   cigarette products "that are substantially similar to the Flum Pebble Vape product,

14   and function in the same way as the Flum Pebble Vape product" (hereafter the

15   "Accused Electronic Cigarette Products") can be found to include every element and

16   limitation of any claims of the '622 Patent asserted by VPR, particularly Claim 13,

17   which is the only claim VPR alleges to be infringed.

18               **SECOND DEFENSE – NO WILLFUL PATENT INFRINGEMENT**

19        2.        Defendant do not willfully infringe and have never willfully infringed,

20   either literally or under the doctrine of equivalents, any valid and enforceable claim

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

of the '622 Patent.

3.     Defendant is not liable for willful infringement of any valid and enforceable claim of the '622 Patent.

### THIRD DEFENSE – PATENT INVALIDITY AND UNENFORCEABILITY

4.     The claims of the '622 Patent are invalid under 35 U.S.C. § 102 because they lack novelty and are anticipated, taught, or suggested by prior art.

5.     The claims of the '622 Patent are invalid under 35 U.S.C. § 103 because they would have been obvious in light of the prior art at the time of their effective filing dates.

6.     The claims of the '622 Patent are invalid for failure to meet the requirements of 35 U.S.C. § 112, including lack of written description, lack of enablement, and indefiniteness.

### FOURTH DEFENSE – LIMITATION ON PATENT DAMAGES

7.     Plaintiff's claim for damages, if any, against Defendant for the alleged infringement of the '622 Patent is limited by 35 U.S.C. §§ 286, 287, and/or 288.

8.     With respect to the marking requirement under § 287, Plaintiff failed to properly mark its allegedly patented articles with the relevant patent numbers.

### FIFTH DEFENSE – FAILURE TO STATE A CLAIM

9.     Plaintiff's Complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff has not met the pleading standard required by the U.S.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1   Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v.*

2   *Twombly*, 550 U.S. 544 (2007). Plaintiff's allegations lack sufficient factual matter

3   to state a plausible claim for relief, as required under Federal Rule of Civil

4   Procedure 8(a).

5   **SIXTH DEFENSE – PROSECUTION HISTORY ESTOPPEL**

6   10.    Plaintiff is barred, under the doctrine of prosecution history estoppel,

7   from construing the claims of the '622 Patent in a manner that covers any of

8   Accused Electronic Cigarette Products.

9   **SEVENTH DEFENSE – NOT AN EXCEPTIONAL CASE**

10   11.    If Plaintiff is entitled to any remedy, it is not entitled to a finding that

11   this case is exceptional under 35 U.S.C. § 285, the Court's inherent authority, or any

12   other basis, and therefore not entitled to an award of attorneys' fees or costs.

13   **EIGHTH DEFENSE – LACK OF STANDING**

14   12.    Plaintiff lacks standing to assert claims for infringement of the '622

15   Patent under Article III and/or 35 U.S.C. § 281 because it does not possess the

16   exclusionary rights necessary to maintain this action.

17   **NINTH DEFENSE – UNCLEAN HANDS AND PATENT MISUSE**

18   13.    The claims of the '622 Patent are barred by the doctrine of unclean

19   hands and patent misuse.

20   **TENTH DEFENSE – WAIVER, LACHES, ACQUIESCENCE, CONSENT,**

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**AND/OR ESTOPPLE**

14.      Each of the claims asserted in this Complaint is wholly or partially barred by the principles of waiver, laches, acquiescence, consent, and/or estoppel.

**RESERVATION OF ADDITIONAL DEFENSES**

15.      Defendant reserves the right to assert any additional defenses or counterclaims that may become available based on discovery or further factual investigation in this case.

**COUNTERCLAIMS**

1.      Flumgio incorporates by reference the admissions, allegations, denials, and Defenses contained in its Answer above as if fully set forth herein. For its Counterclaims, and upon information and belief, Flumgio states as follows:

**THE PARTIES**

2.      Counterclaim Plaintiff, Flumgio Technology Inc ("Flumgio"), is a California corporation with  a registered place of business at 18351 Colima Road, Unit 481, Rowland Heights, California, 91748.

3.      Counterclaim Defendant, VPR Brands, LP ("VPR"), is a Delaware limited partnership with a principal place of business at 3001 Griffin Road, Fort Lauderdale, FL 33312. Plaintiff asserts rights under U.S. Patent No. 8,205,622 ("the '622 Patent") in this action.

**JURISDICTION AND VENUE**

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

4.      This action arises under the patent laws of the United States, including Title 35 of the United States Code, and seeks declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

5.      This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over VPR because it has availed itself of the jurisdiction of this Court by initiating this lawsuit.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Plaintiff has consented to this venue by filing its Complaint here.

## FACTUAL BACKGROUND

8.      The '622 Patent, titled "Electronic Cigarette," describes its purported invention as "an electronic cigarette having two tubes that resemble a cigarette: an electronic inhaler and an electronic atomizer," with the Date of Patent being June 26, 2012.

9.      The '622 Patent lists Guocheng Pan as the inventor.

10.     On information and belief, VPR claims to have been the assignee of the '622 Patent since August 26, 2019.

11.     On information and belief, VPR is not in the business of importing, manufacturing, or selling vaping devices, including products that embody any claims of the 622 Patent.

12.    On information and belief, Guocheng Pan did not receive income from licensing rights under the '622 Patent prior to August 26, 2019.

13.    Claims 1, 12, 13, 16 and 17 are the only independent claims of the '622 Patent. Claim 13 is the only claim that VPR alleges that Flumgio has infringed. VPR alleges that Flumgio sells or offers for sale Flum Pebble Vape products.

14.    VPR alleges that the Flum Pebble Vape product and other electronic cigarette products that are substantially similar to the Flum Pebble Vape product, and function in the same way as the Flum Pebble Vape product (the "Accused Electronic Cigarette Products") infringe on Claim 13 of the '622 Patent.

15.    Claim 13 of the '622 Patent is the only claim that VPR has alleged Flumgio infringed.

16.    VPR asserts that the Accused Electronic Cigarette Products infringe its patent rights. However, its complaint fails to plead with specificity whether the Accused Electronic Cigarette Products embody all the limitations of Claim 13 or any other claim of the '622 Patent.

17.    Moreover, VPR's complaint does not provide a claim chart or sufficient explanation to establish whether the Accused Electronic Cigarette Products meet every limitation required by Claim 13 or any other claim of the '622 Patent.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

18.    Claim 13 recites:

> An electronic cigarette comprising a tubular electronic inhaler and a tubular electronic atomizer, wherein the electronic inhaler includes an electric power source that provides an electric current to the electronic atomizer, the electronic cigarette further comprising an electric airflow sensor that is used to turn on and off the electric power source by way of detecting an airflow and sending a signal to a Single Chip Micyoco, wherein the Single Chip Micyoco receives the signal from the electric airflow sensor, instructs the electric power source to send an electric current to the electronic atomizer, and a time period and a magnitude of the electric current.

19.    On information and belief, VPR has filed over a dozen lawsuits claiming infringement of the '622 Patent, beginning in November 2020.

20.    Exemplar photos of the Accused Electronic Cigarette Products are as follows:

| Side View | Side View | Top View | Bottom View |
|---|---|---|---|
|  |  |  |  |
| Inside View | | Inside View | |




Teardown Views







DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

 

FIG. 1

21.    The Accused Electronic Cigarette Products do not infringe Claim 13 of the '622 Patent because they do not include each and every limitation of Claim 13.

22.    Claim 13 of the '622 Patent separately requires "a tubular electronic inhaler" and "a tubular electronic atomizer," where the electronic inhaler "includes an electric power source" and the electronic inhaler's power source "provides an electric current to the electronic atomizer.'"

23.    The Accused Electronic Cigarette Products do not infringe Claim 13 of the '622 Patent at least because they lack "a tubular electronic inhaler."

24.    The shape, power source, and atomizer of the Accused Electronic Cigarette Products are shown in the exemplar images below:

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS



FIG. 2

25.    A true and correct copy of Figure 4 and Figure 6 of the '622 Patent are shown below, along with annotations for the various components of the tubular electronic inhaler disclosed in these figures .

| '622 Patent |
|---|
| |

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS



FIG. 3

26. VPR has failed to establish that any component of the Accused Electronic Cigarette Products constitutes "a tubular electronic inhaler" as required by Claim 13 of the '622 Patent. At the very least, on its face, VPR has not demonstrated that any self-contained component possesses a tubular shape as claimed. Furthermore, VPR has not asserted that any specific part or component of the Accused Electronic Cigarette Products constitutes "a tubular electronic inhaler."

27. A comparison between Claim 13 of the '622 Patent and the Accused

Electronic Cigarette Products demonstrates that the Accused Electronic Cigarette Products do not contain "a tubular electronic inhaler" as required by Claim 13 and, at a minimum, on its face, lack a tubular-shaped inhaler as claimed in Claim 13 of the '622 Patent. Furthermore, the Accused Electronic Cigarette Products do not include an inhaler that incorporates "an electric power source" as required by Claim 13, as the power source in the Accused Electronic Cigarette Products is an independent component, not included within any other component, let alone a tubular-shaped component. *See* FIG. 2.

28.    VPR has reprented to the Patent Office that sensors disclosed in prior art references that are able to detect negative pressure are not within the scope of the Claim 13 limtiation reciting an "electric airflow sensor" that is able to "detect[] an airflow."  For example, in the PTAB case IPR2022-00299,  VPR stated in the Patent Owner's Preliminary Response that "[T]he sensor disclosed by Cox did not 'detect an airflow' but merely detected a negative pressure." Attached here to as Exhibit 1 is a true and correct copy of the Patent Owner's Preliminary Response that VPR submitted in the IPR2022-00299 case.

29.    The Accused Electronic Cigarette Products do not infringe Claim 13 of the '622 Patent for the additional reason that they lack a "sensor" that "detects an airflow."

30.    Flumgio does not offer any products covered by the '622 Patent in the

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1  United States.

2  **COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**

3  **U.S. PATENT NO. 8,205,622**

4      31.    Flumgio restates and incorporates by reference its allegations in

5  Paragraphs 1 through 30 of these Counterclaims.

6      32.    To the extent any claims of the '622 patent are found to be valid and

7  enforceable, the manufacture, use, offer for sale, sale, and/or import of the Accused

8  Electronic Cigarette Products have not infringed and will not infringe, directly or

9  indirectly, any valid and enforceable claims of the '622 Patent.

10     33.    The Accused Electronic Cigarette Products do not meet all limitations

11 of Claim 13 of the '622 Patent because  they lack at a minimum the following claims

12 limitations of "a tubular electronic inhaler," "an electric airflow sensor that is used

13 to turn on and off the electric power source by way of detecting an airflow," and

14 "the Single Chip Micyoco … instructs the electric power source to send an electric

15 current to the electronic atomizer, and a time period and a magnitude of the electric

16 current."

17     34.    An actual and justiciable case or controversy therefore exists between

18 Flumgio and VPR regarding whether the Non-Infringing Vapes have infringed the

19 claims of the '622 Patent. Declaratory relief is thus appropriate and necessary to

20 establish that the making, using, importation, sale, or offer of sale of the Non-

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Infringing Vapes do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '622 Patent. Flumgio is entitled to a judgment declaring that they have not infringed and will not infringe any claims of the '622 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Flumgio respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

A.   A declaration that Flumgio has not infringed and does not infringe any valid and enforceable claim of the '622 Patent;

B.   An order dismissing VPR's claims with prejudice;

C.   A declaration that this is an exceptional case under 35 U.S.C. **§** 285 and an award to Flumgio of its reasonable attorneys' fees, costs, and expenses incurred in this action;

D.   Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues so triable.

DATED: January 31, 2025

By: */s/ Hongchang Deng*
    Hongchang Deng  (Cal. Bar No. 354529)
    *Deng.hongchang@shm.law*

23

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**SHM LAW FIRM**
25F, China Resources Tower
2666 Keyuan South Road, Nanshan
Shenzhen, 518052, China
Telephone: +86 18681567690

*Attorney for Counsel for Defendant
FlumgioTechnology Inc*

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS