Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff
VPR Brands, LP*

Hongchang Deng (SBM 354529)
Deng.hongchang@shm.law
**SHM LAW FIRM**
25F, China Resources Tower
2666 Keyuan South Road, Nanshan
Shenzhen, 518052, China
Telephone: +86 18681567690

Hua Chen (SBN 241831)
huachen@scienbizippc.com
**ScienBiziP, P.C.**
550 S. Hope Street, Suite 2825
Los Angeles, California 90071
Telephone: (213) 426-1771
Facsimile: (213) 426-1788

*Counsel for Defendant Flumgio Technology Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| VPR BRANDS, LP, <br><br> Plaintiff, <br><br> v. <br><br> FLUMGIO TECHNOLOGY INC, <br><br> Defendant. | Case No.: 2:24-cv-07009-CBM-MAA <br><br> **RULE 26(f) REPORT** <br> Date: April 29, 2025 <br> Time: 10:00 AM <br> Place: Courtroom 8D, United States Courthouse, 350 W. 1st Street, Los Angeles, CA <br><br> Hon. Consuelo B. Marshall |

The parties VPR BRANDS, LP ("VPR") and FLUMGIO TECHNOLOGY INC ("Flumgio"), through their undersigned counsel, hereby submit this Rule 26(f) Report.

Counsel for VPR and Flumgio conferred on March 26, 2025 as required under Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule L.R. 26-1, and this Court's Standing Orders (ECF 9, 23).

**1. Statement of the Case**

<u>Plaintiff</u>: This is a patent infringement case. VPR Brands, LP ("VPR") claims patent infringement of U.S. Patent Number 8,205,622 ("'622 Patent"), entitled "Electronic Cigarette" by defendant Flumgio Technology Inc ("Flumgio"). Plaintiff seeks permanent injunctive relief and monetary damages resulting from Defendant's infringement. Plaintiff alleges that Defendant's products, including Flum Pebble 6000 Disposable, infringe at least one of the claims of the '622 Patent.

<u>Defendant</u>: Flumgio denies Plaintiff's allegations of patent infringement. Plaintiff has failed to show, and cannot show that the accused products embody every limitation required by any valid and enforceable claim of U.S. Patent No. 8,205,622 ("the '622 Patent").

Furthermore, Flumgio contends that the claims of the '622 Patent are invalid and/or unenforceable on multiple independent grounds, including but not limited to anticipation, obviousness, lack of adequate written description, lack of enablement, and indefiniteness pursuant to 35 U.S.C. § 102, 103, and 112.

**2. Subject Matter Jurisdiction**

This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

**3. Legal Issues**

a. The parties dispute the validity of the Asserted Patent.

b. The parties dispute whether Defendant's products infringe any valid claim of the Asserted Patents.

  c. The parties dispute whether Plaintiff incurred any damages as a result of Defendant's actions and, if so, the amount of the damages.

  d. The parties dispute whether either side should be awarded its costs and attorneys' fees incurred in this action due to exceptionality of this case under 35 U.S.C. § 285.

4. **Damages**

At this time, discovery has yet to be taken and therefore, potential sales have not yet been identified as to allow for a computation of damages for infringement of the patent in suit. Both parties seek all costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

5. **Additional Parties**

There are no anticipated additional parties at this time.

6. **Manuel for Complex Litigation**

Though the claims in the suit are highly technical, the parties agree that this litigation is not "complex" within the meaning of the Manual for Complex Litigation, and no portion of the Manual for Complex Litigation is required.

7. **Proposed Timing of Disclosures**

At this time, each party anticipates submitting expert testimony from (i) one or two technical experts regarding issues of infringement, validity, claim construction and/or topics related to damages. The parties propose that expert disclosures be due as follows:

| EVENT | DEADLINE | PARTIES' PROPOSAL |
|---|---|---|
| Deadline for fact discovery | 18 weeks before the Final Pretrial Conference (FPTC) | February 19, 2026 |
| Initial expert reports (unrelated to claim construction) | 16 weeks before the FPTC | March 2, 2026 |

| Rebuttal expert reports | 12 weeks before the FPTC | March 30, 2026 |
| --- | --- | --- |
| Close of expert discovery | 8 weeks before the FPTC | May 27, 2026 |
| Deadline for *Daubert* Motions | 7 weeks before the FPTC | June 6, 2026 |
| Final Pretrial Conference (FPTC) | | July 24, 2026 |

## 8. Contemplated Motions

Defendant anticipates filing a motion for judgment on the pleadings. Defendant contends that Plaintiff's Complaint fails to state a legally sufficient claim for patent infringement, as the pleadings demonstrate, on their face, that the accused product does not meet all limitations of the asserted patent claims. Accordingly, Defendant believes this motion may substantially narrow or entirely dispose of the claims asserted by Plaintiff, thus promoting judicial economy and efficiency.

This is a patent infringement case. The parties contend that the Court should hold a claim construction hearing and that the parties should submit claim construction briefs. The parties propose the following schedule and limitations related to its proposed claim construction process:

| EVENT | PARTIES PROPOSAL |
| --- | --- |
| Infringement contentions | April 29, 2025 |
| Invalidity and non-infringement contentions | June 6, 2025 |
| Initial identification of disputed claim terms | June 20, 2025 |
| Exchange proposed interpretations of disputed claim terms | July 11, 2025 |
| Joint Statements | August 6, 2025 |

| Plaintiff's opening claim construction brief | September 23, 2025 |
|---|---|
| Defendant's responsive claim construction brief | October 7, 2025 |
| Plaintiff's reply claim construction brief | October 14, 2025 |
| Claim construction hearing | Late October, 2025 at the Court's convenience. |

**9. Prospects of Settlement**

The parties have had preliminary settlement discussions and are continuing to pursue settlement communications.

**10. Court or Jury Trial**

The parties agree that the trial will be by jury.

**11. Trial Estimate**

The parties estimate that 5 days of trial is necessary.

**12. Trial Counsel**

Matthew Rollin and Layla Nguyen for Plaintiff VPR BRANDS, LP confirm that they are registered "ECF Users" and respective emails are matthew.rollin@sriplaw.com and layla.nguyen@sriplaw.com.

Hongchang Deng and Hua Chen for Defendant FLUMGIO TECHNOLOGY INC. confirm that they are registered "ECF Users" and respective emails are Deng.hongchang@shm.law and huachen@scienbizippc.com.

**13. Prospects of Counsel before Magistrate Judge**

The parties do not consent to proceed before the Magistrate Judge.

**14. Number of Depositions to Be Taken By Each Side**

The parties each anticipate taking one corporate deposition of the other party under FRCP 30(b)(6); one or more depositions of persons identified by the other as knowledgeable as to the issues in this case under FRCP 30(b)(1); depositions of the

inventors; two or more depositions of the other's experts in this case. The parties do not anticipate the need to exceed the 10-deposition limit imposed by Rule 30(a)(2)(A)(i), but they reserve the right to request leave to take additional depositions to the extent the need arises in this case.

**15. Written Discovery**

Discovery has not yet commenced in this matter. The parties anticipate serving discovery requests including document requests, requests for admissions, and interrogatories as the needs of this case dictate and as allowed under this Court's rules and the Federal Rules of Civil Procedure. The parties currently do not see the need to divert from the presumptive limits of those rules, but they reserve their rights to request relief from those rules if the circumstances of the case necessitate such a request.

**16. Proposed Pre-Trial Conference Date**

April 24, 2026

**17. Date Demand for Jury Trial Was Filed**

A demand for jury trial was made in Plaintiff's Complaint on August 19, 2024. (ECF 1).

**18. ADR Procedure**

Plaintiff selects ADR Procedure No. 2. The parties shall appear before a neutral selected from the Court's Mediation Panel.

Defendant selects:

The Parties agree that the ADR session would be most effective after any disputes regarding claim construction are resolved.

DATED: April 22, 2025                    Respectfully submitted,

*/s/Matthew L. Rollin*                    */s/ Hongchang Deng*
MATTHEW L. ROLLIN                         Hongchang Deng (Cal. Bar No. 354529)

| | | |
|---|---|---|
| 1 | LAYLA T. NGUYEN (pro hac vice) | Deng.hongchang@shm.law |
| 2 | **SRIPLAW, P.A.** | **SHM LAW FIRM** |
| 3 | *Counsel for Plaintiff VPR BRANDS, LP* | 25F, China Resources Tower |
| 4 | | 2666 Keyuan South Road, Nanshan Shenzhen, 518052, China |
| 5 | | Telephone: +86 18681567690 |
| 6 | | *Counsel for Defendant Flumgio Technology Inc* |

**ATTESTATION**

Pursuant to Local Rule 5.4.3.4(2)(i), all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN